OPINION
{¶ 1} Ronnie Parsons appeals from an order of the Montgomery County Court of Common Pleas, Juvenile Division, awarding permanent custody of his daughter, S. S., to the Montgomery County Children Services Board. Parsons contends that the evidence does not support the trial court's decision. He further contends that the CSB did not make a reasonable attempt to reunify the family, and that it failed to investigate other relatives with whom the child could be placed.
 {¶ 2} We conclude that the trial court's decision is supported by the record. We also conclude that the CSB made reasonable efforts to reunify Parsons and his daughter. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} The Montgomery County Children's Services Board filed a complaint alleging that Parsons' minor daughter, born March 17, 2000, was a neglected and dependent child in August of 2000.[1] The child was determined to be dependent and neglected, and the child was placed in the temporary custody of the CSB. The child and her half-brother were placed in the same foster home.
 {¶ 4} In an effort to reunify the child with her parents, CSB developed a case plan, which included goals for Parsons. According to the case plan, Parsons needed to attend and complete programs for substance abuse and domestic violence, establish stable housing, and establish paternity.
 {¶ 5} CSB filed a motion requesting permanent custody of S. S. on May 17, 2001. Parsons was served with a copy of the motion on July 3, 2001. A hearing was held before the magistrate on September 7, 2001. Parsons, who was under house arrest for a felony charge of Carrying a Concealed Weapon, did not appear at the hearing. However, his attorney was present and made an oral motion seeking a continuance of the hearing. The magistrate denied the motion. No other relatives of the child appeared at the hearing.
 {¶ 6} Following the hearing, the magistrate issued a decision granting permanent custody to CSB. Parsons filed objections, which were overruled by the trial court. The trial court awarded permanent custody to CSB, finding that S. S. could not be placed with either of her parents within a reasonable time, because they had both failed to complete their case plans. Parsons appeals from the award of permanent custody of his daughter to CSB.
 II {¶ 7} Parsons' sole Assignment of Error is as follows:
 {¶ 8} "The court erred in granting permanent custody of [the minor child] to Montgomery County Children Services."
 {¶ 9} Parsons contends that the evidence does not support the trial court's determination regarding custody. He also contends that the trial court erred in finding that CSB made a reasonable attempt at reunification.
 {¶ 10} Pursuant to R.C. 2151.414(B), a trial court is permitted to grant permanent custody of a child who has not been abandoned or orphaned to a public children services agency that has temporary custody of the child, if the trial court determines, by clear and convincing evidence, that: (1) it is in the child's best interests to do so; and (2) that the child cannot be placed with either of his parents within a reasonable time, or should not be placed with his parents. The trial court must also determine whether the agency has made a reasonable attempt at reunification of the child with the parent. In re Smith (Apr. 12, 2002), Miami App. No. 2001-CA-54.
 {¶ 11} "Clear and convincing evidence is that level of proof which would cause the trier of fact to develop a firm belief or conviction as to the facts sought to be proven." In re Dylan C. (1997),121 Ohio App.3d 115, 121, 699 N.E.2d 107, 111, citation omitted. "An appellate court will not reverse a trial court's determination concerning parental rights and child custody unless the determination is not supported by sufficient evidence to meet the clear and convincing standard of proof." Id., citation omitted.
 {¶ 12} We begin with the trial court's determination that the child could not be placed with Parsons within a reasonable time. R.C.2151.414(E), which provides a list of alternative circumstances that permit a trial court to find that a child cannot be placed with her parents within a reasonable time, states in part as follows:
 {¶ 13} "If the court determines, by clear and convincing evidence, * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 14} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. * * *"
 {¶ 15} The record before us shows that Parsons failed to complete programs for substance abuse and domestic violence. The record also demonstrates that he did not secure permanent housing, but continued to reside in the homes of various females throughout the course of this case. Therefore, the trial court found that Parsons had not substantially complied with his case plan objectives as of the hearing, and had failed to remedy the problems preventing the child from being returned to him. We conclude that this finding is supported by clear and convincing evidence.
 {¶ 16} The decision to award custody of the child to CSB also required a finding that doing so is in her best interests. R.C. 2151.414(D) requires the trial court to consider all relevant factors, including the following, in determining the best interests of the child:
 {¶ 17} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 18} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 19} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 20} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 21} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 22} The record demonstrates that S. S. has a good relationship with her foster parents, and her brother, and that the foster parents wish to adopt both of the children. She had been in the custody of the CSB for more than a year, and indeed, for most of her life. S. S. needs permanence in her life. From the record before us, we cannot say that the trial court abused its discretion in concluding that awarding permanent custody of S. S. to CSB is in her best interests.
 {¶ 23} Finally, Parsons contends that CSB did not make a reasonable attempt at reunification. Specifically, he argues that CSB did not investigate other relatives with whom S. S. might be placed and did not assist him in visiting with the child or in establishing paternity.
 {¶ 24} The record demonstrates that CSB assisted Parsons toward the end of meeting the goals of the case plan. The record also demonstrates that CSB did investigate the possibility of placement with other relatives, at Parsons' urging. Parsons' mother was investigated as a possibility, however, she stated that she did not want custody of the child. Two days before the hearing, Parsons did inform CSB of a sister who could possibly take custody of the child. There is no evidence that CSB attempted to investigate the sister. However, the trial court found that Parsons was merely attempting to delay the permanent custody hearing by naming his sister as a possible custodian. Furthermore, no evidence was presented to indicate that any other relative wanted to, or could, assume custody of the child.
 {¶ 25} From the record before us, we cannot say that the trial court's decision is not supported by the evidence. Therefore, Parsons' sole Assignment of Error is overruled.
 III {¶ 26} Parsons' sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
WOLFF and YOUNG, JJ., concur.
[1] The child's mother is not a party to this appeal. The child's half-brother is the son of another man, not a party to this appeal, and the custody of the half-brother is not a subject of this appeal.